**IN THE CIRCUIT COURT OF PIKE COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **MARY JAMES**, the natural mother of LeVaughn James, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| **CENTURION HEALTH, INC.,** | ) ) | **JURY TRIAL DEMANDED AS TO ALL COUNTS** |
| Serve: Registered Agent  The Prentice-Hall Corp. System Inn,  251 Little Falls Drive  Wilmington, DE 19808 | ) ) ) ) ) ) | |
| and | ) ) | |
| **CENTURION HEALTH, LLC.,** | ) ) | |
| Serve: Registered Agent  The Prentice-Hall Corp. System Inn,  251 Little Falls Drive  Wilmington, DE 19808 | ) ) ) ) ) ) | |
| and | ) ) | |
| **CENTURION OF MISSOURI, LLC.,** | ) ) | |
| Serve: Registered Agent  CT Corporation System  5661 Telegraph Road  Suite 4B  St. Louis, MO 63129 | ) ) ) ) ) ) ) | |
| and | ) ) | |
| **ADAM D. CARTWRIGHT,** | ) ) | |
| Serve: Adam Cartwright  Northeast Correctional Center  13698 Airport Road  Bowling Green, MO 63334 | ) ) ) ) ) | |

1

|   |   |
|---|---|
| And | ) |
|  | ) |
| **ADRIENNE HARDY,** | ) |
|  | ) |
| Serve:  Adrienne Hardy | ) |
| Northeast Correctional Center | ) |
| 13698 Airport Road | ) |
| Bowling Green, MO 63334 | ) |
|  | ) |
| And | ) |
|  | ) |
| **ROBERT L. WUDEL, DO,** | ) |
|  | ) |
| Serve:  Robert Wudel | ) |
| Northeast Correctional Center | ) |
| 13698 Airport Road | ) |
| Bowling Green, MO 63334 | ) |
|  | ) |
| And | ) |
|  | ) |
| **ASHOK KUMAR CHADA, DO,** | ) |
|  | ) |
| Serve:  Robert Wudel | ) |
| Northeast Correctional Center | ) |
| 13698 Airport Road | ) |
| Bowling Green, MO 63334 | ) |
|  | ) |
| And | ) |
|  | ) |
| **THOMAS PRYOR, MD,** | ) |
|  | ) |
| Serve:  Robert Wudel | ) |
| Northeast Correctional Center | ) |
| 13698 Airport Road | ) |
| Bowling Green, MO 63334 | ) |
|  | ) |
| And | ) |
|  | ) |
| **JERRY LOVELACE, MD,** | ) |
|  | ) |
| Serve:  Robert Wudel | ) |
| Northeast Correctional Center | ) |
| 13698 Airport Road | ) |

|  |  |
|---|---|
| Bowling Green, MO 63334 | ) |
|  | ) |
| Defendants. | ) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, and for her causes of action against the named Defendants states:

### INTRODUCTION

1. That LeVaughn James died on June 1, 2022 at Mercy Hospital in St. Louis, Missouri.

2. That Mr. James died as the direct result of the inadequate and negligent medical care provided by the Defendants while he was an inmate at the Missouri Department of Corrections facility in Bowling Green, Pike County, Missouri.

3. That plaintiffs bring this action pursuant to the laws of the State of Missouri for Wrongful Death, negligence and medical malpractice.

### JURISDICTION AND VENUE

4. That Plaintiff's cause of action arose as a result of the Wrongful Death of LeVaughn James which occurred in Bowling Green, Missouri, and Decedent was first injured by the neglectful conduct of Defendants in Bowling Green, Missouri and thus pursuant to Missouri Revised Statute §508.010 venue is proper in the Circuit Court of Pike County, Missouri.

### THE PARTIES

5. That Plaintiff Mary James, is the surviving natural Mother of LeVaughn James, deceased (hereinafter referred to as "Decedent"), and is a resident of Elmwood Park, Illinois.

6. That Defendant Centurion Health, Inc. is a Delaware corporation with its principal place of business in Sterling, Virginia.

7. That Defendant Centurion Health, LLC is a Delaware limited liability corporation with its principal place of business in Sterling, Virginia.

8. That Defendants Centurion Health, Inc. and/or Centurion Health LLC hold themselves out as "Centurion Health," and are collectively referred to herein as "Centurion Health."

9. That Centurion Health entered into a contract with the State of Missouri to provide medical services to inmates in the Missouri Department of Corrections, including at Bowling Green.

10. That Defendant Centurion of Missouri, LLC ("Centurion of Missouri") is a Missouri limited liability company with its principal place of business in Jefferson City, Missouri.

11. That based upon information and belief, Defendant Centurion of Missouri, LLC was established to provide services pursuant to Centurion Health's contract with the State of Missouri.

12. That based upon information and belief, Centurion Health (Centurion Health, Inc. and/or Centurion Health, LLC) is the member and/or manager of Defendant Centurion of Missouri. Unless otherwise specified, the three Centurion entitles will collectively be referred to as "Centurion."

13. That Centurion is a duly licensed health care provider in the State of Missouri and is in the business of providing health care services in exchange for valuable consideration paid.

14. That Defendant Adam D. Cartwright was at all times herein mentioned a resident of the State of Missouri, and a licensed nurse pursuant to the laws of the State of Missouri and was at all times herein mentioned was an agent and employee of Centurion and was acting within the course and scope of his employment.

15. That Defendant Adrienne Hardy was at all times herein mentioned a resident of the State of Missouri, and a licensed nurse pursuant to the laws of the State of Missouri and was at all times herein mentioned was an agent and employee of Centurion and was acting within the course and scope of her employment.

16. That Defendant Robert L. Wudel, DO was at all times herein mentioned a resident of the State of Missouri, and a licensed health care provider pursuant to the laws of the State of Missouri and was at all times herein mentioned was an agent and employee of Centurion and was acting within the course and scope of his employment.

17. That Defendant Ashok Kumar Chada, MD was at all times herein mentioned a resident of the State of Missouri, and a licensed health care provider pursuant to the laws of the State of Missouri and was at all times herein mentioned was an agent and employee of Centurion and was acting within the course and scope of his employment.

18. That Defendant Thomas Pryor, MD was at all times herein mentioned a resident of the State of Missouri, and a licensed health care provider pursuant to the laws of the State of Missouri and was at all times herein mentioned was an agent and employee of Centurion and was acting within the course and scope of his employment.

19. That Defendant Jerry Lovelace, MD was at all times herein mentioned a resident of the State of Missouri, and a licensed health care provider pursuant to the laws of the State of

Missouri and was at all times herein mentioned was an agent and employee of Centurion and was acting within the course and scope of his employment.

### FACT COMMON TO ALL COUNTS

20. That LeVaughn James died on June 1, 2022, as the result of a cardiac event and it is believed also had a seizure.

21. That LeVaughn James had been suffering from a seizure disorder and heart issues since at least 2012.

22. That his medical conditions were known to the defendants and the medical staff at the Missouri Department of Corrections.

23. That LeVaughn James' health conditions necessitated he be on heart medication and anti-seizure drugs, and that his medical conditions be closely monitored.

24. That in addition to his physical health, it was known by defendants, that LeVaughn James suffered from mental health issues including hallucinations, hearing voices, depression and anxiety.

25. That prior to May 2022, it was known by Defendants, that LeVaughn James suffered from several heart conditions including: aFib, cardiomyopathy, stenting, congestive heart failure, hypertension and coronary artery disease.

26. That prior to May 2022, it was known by Defendants, that LeVaughn James suffered from a serious seizure disorder thought to be epilepsy.

27. That on May 11, 2022, LeVaughn James was seen by a mental health provider where he reported depression and hearing voices.

28. That on May 11, 2022, LeVaughn James was seen by Dr. Wudel.

29. That at the May 11, 2022 visit, it was known by Dr. Wudel, that Mr. James had been having seizures but was not on any anti-seizure medication.

30. That at the May 11, 2022 visit, it was known by Dr. Wudel, that Mr. James had an abnormal INR result, and had no have his prescribed blood thinners in 4-5 weeks.

31. That on May 22, 2022, Mr. James was seen by Nurse Adam Cartright due to complaints of severe chest pain.

32. That on May 22, 2022, Mr. James reported to Nurse Cartright that he was having 8/10 chest pain, and the pain was radiating into his jaw and arm.

33. That on May 22, 2022, Mr. James reported to Nurse Cartright that his chest pain was acute in nature and that he had taken nitroglycerin which had not helped.

34. That on May 22, 2022, Mr. James was tachycardic.

35. That Nurse Cartright called Ashok Kumar Chada, MD who ordered serial troponin labs to be taken.

36. That said labs were never taken, and no further contact was made with Dr. Chada.

37. That later in the day on May 22, 2022, LeVaughn James was found unresponsive in his cell and was emergently transported to Mercy Hospital in St. Louis Missouri. LeVaughn James never regained consciousness, and died on June 1, 2022.

COUNT I

WRONGFUL DEATH-
MEDICAL NEGLIGENCE

**Plaintiffs v. Defendant Centurion; Adam Cartwright; Robert Wudel, DO;
Ashok Kumar Chada, DO**

38. That Plaintiff re-alleges and incorporates by reference herein all of the allegations

Electronically Filed - Pike Circuit Division - May 28, 2025 - 02:30 PM

contained in the above paragraphs.

39. That Defendants knew decedent was in need of medical care as he informed them, and they had actual knowledge, that he was suffering from seizures and chest pain.

40. That decedent was under the care and treatment of Defendants on May 11, 2022 and May 21, 2022.

41. That Defendants were negligent and careless in the care of LeVaughn James in the following respects:

    a. That Defendants negligently and carelessly failed to provide an adequate and complete assessment, evaluation, and management of decedent;

    b. That Defendants failed to adequately assess decedent;

    c. That Defendants failed to ensure decedent was receiving the proper medications for his heart conditions and seizure disorder;

    d. That Defendants negligently failed to consider decedent's mental health conditions when treating him;

    e. That Defendants negligently and carelessly failed to respond to decedent's concerns regarding his chest pain and seizures;

    f. That Defendants negligently and carelessly decided, on multiple occasions, not to administer a greater degree of mental health care for decedent in spite of his worsening symptoms and life-threatening symptoms;

    g. That Defendants wholly ignored decedent's worsening health condition during his evaluation / assessment on May 11, 2022 and May 21, 2022;

8

    h.    That Defendants negligently and carelessly failed to send decedent to the hospital;

42. That as a direct and proximate result of the carelessness and negligence of Defendants, LeVaughn James died.

43. That as a direct and proximate result of the negligence of Defendants, decedent was caused to suffer conscious pain and suffering and mental anguish up until the time of his death.

44. That Plaintiff had incurred funeral expenses on account of the death of decedent in an amount to be determined; that Plaintiff has sustained pecuniary loss in the form of the future earnings of Decedent pursuant to R.S.Mo. § 537.090 and the value of Decedent's services in amounts to be determined; and that Plaintiff has been deprived of loss of services, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent.

WHEREFORE, Plaintiff states that she has been damaged and all others entitled by law to participate in this cause of action have been damaged, for which damage she prays judgment against Defendants in such sum as may be fair and reasonable in the premises, but in excess of $25,000.00, plus costs herein and for such other and further relief as this court deems just and proper.

## COUNT II

### WRONGFUL DEATH- MEDICAL NEGLIGENCE

**Plaintiffs v. Defendant Centurion; Adrienne Hardy, Thomas Pryor, MD and Jerry Lovelace, MD**

45. That Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

46. That Defendants knew decedent was in need of medical care as he informed them, and they had actual knowledge, that he was suffering from seizures and chest pain.

47. That Defendants were negligent and careless in the care of LeVaughn James in the following respects:

    a. That Defendants negligently and carelessly failed to provide an adequate and complete assessment, evaluation, and management of decedent;

    b. That Defendants failed to adequately assess decedent;

    c. That Defendants failed to ensure decedent was receiving the proper medications for his heart conditions and seizure disorder;

    d. That Defendants negligently failed to consider decedent's mental health conditions when treating him;

    e. That Defendants negligently and carelessly failed to respond to decedent's concerns regarding his chest pain and seizures;

    f. That Defendants negligently and carelessly decided, on multiple occasions, not to administer a greater degree of mental health care for decedent in spite of his worsening symptoms and life-threatening symptoms;

    g. That Defendants negligently and carelessly failed to send decedent to the hospital;

    h. That Defendants failed to ensure that there were proper policies and procedures in place to ensure that decedent received proper medical care;

  i. That Defendants failed to ensure that the staff were properly communicating with one another about decedent's life threating medical conditions;

  j. That Defendants failed to ensure their medical staff were properly trained;

  k. That Defendants failed to ensure their medical staff were properly credentialed;

  l. That Defendants failed to have a patient safety system in place to ensure that proper care was given to inmates.

48. That as a direct and proximate result of the carelessness and negligence of Defendants, LeVaughn James died.

49. That as a direct and proximate result of the negligence of Defendants, decedent was caused to suffer conscious pain and suffering and mental anguish up until the time of his death.

50. That Plaintiff has incurred funeral expenses on account of the death of decedent in an amount to be determined; that Plaintiff has sustained pecuniary loss in the form of the future earnings of Decedent pursuant to R.S.Mo. § 537.090 and the value of Decedent's services in amounts to be determined; and that Plaintiff has been deprived of loss of services, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent.

 WHEREFORE, Plaintiff states that she has been damaged and all others entitled by law to participate in this cause of action have been damaged, for which damage she prays judgment against Defendants in such sum as may be fair and reasonable in the premises, but in excess of $25,000.00, plus costs herein and for such other and further relief as this court deems just and proper.

Electronically Filed - Pike Circuit Division - May 28, 2025 - 02:30 PM

**Respectfully Submitted**

**PAGE LAW, LLC**

/s/ Anthony G. Laramore
Anthony G. Laramore, 63017
9930 Watson Road, Suite 100
St. Louis, MO 63126
P: (314)-835-5800
F: (314)-835-5899
E: anthony@pagelaw.com
***Attorneys for Plaintiffs***

12