## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

MARY JAMES, *the natural mother of* )
*LeVaughn James, deceased,*          )
                                     )
        Plaintiff,              )
                                     )     No. 2:25-CV-50 HEA
     v.                              )
                                     )
CENTURION HEALTH, INC., et al.,      )
                                     )
        Defendants.             )

## OPINION, MEMORANDUM AND ORDER

This removed case is before the Court on Plaintiff Mary James's Motion to Remand.  (ECF No. 17).  Defendant Centurion Health, Inc., Centurion Health, LLC, and Centurion of Missouri, LLC, (the "Centurion Defendants") filed a response to Plaintiff's motion and concede remand is appropriate but argue Plaintiff is not entitled to an award of attorney's fees and costs.   Plaintiff failed to file a reply, and the time to do so has expired.   Therefore, the motion is ripe for disposition. For the reasons that follow, Plaintiff's Motion to Remand will be granted, but the Court will not award Plaintiff her attorney's fees and costs.

### I.   Background

Plaintiff filed this action in the Circuit Court of Pike County, Missouri on May 28, 2025, asserting two claims of Wrongful Death – Medical Negligence against the

Centurion Defendants, Adam D. Cartwright, Adrienne Hardy, Robert L. Wudel, Ashok Kumar Chada, Thomas Pryor, and Jerry Lovelace. Defendant Centurion of Missouri, LLC ("Centurion of Missouri") removed the action to this Court on July 7, 2025, asserting that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship, and the amount in controversy exceeds $75,000.

Plaintiff now moves to remand the case to state court asserting that the Court lacks subject matter jurisdiction based on the forum defendant rule, 28 U.S.C. § 1441(b)(2), because Defendants Cartwright, Hardy, Wudel, Chada and Pryor are all resident citizens of the State of Missouri. In their response, the Centurion Defendants do not dispute that Defendants Cartwright, Hardy, Wudel, Chada and Pryor are citizens of Missouri, however, it argues that Plaintiff is not entitled to her fees and costs because there was no evidence in the record at the time of removal that any of these defendants had been served, and therefore, there was a reasonable basis for Centurion to believe that §1441(b)(2), the forum defendant rule, did not apply.

## II.   *Legal Standards*

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir.

2005)).    The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence.    *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).    Statutes conferring diversity jurisdiction are to be strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes.    *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002).    "All doubts about federal jurisdiction [based on diversity of citizenship] should be resolved in favor of remand to state court."    *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).    Under this presumption, "any doubts about the propriety of removal are resolved in favor of remand."    *Id.* (citation omitted).

A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction.    28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.    "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."    *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The "forum defendant" rule, codified at 28 U.S.C. § 1441(b)(2), imposes an additional restriction on the removal of diversity cases.    The statute provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section

1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

When remanding a case to state court, a district court is authorized to award the plaintiff "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court has instructed that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). However, a district court "retain[s] discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* A district court may take into consideration "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction" in deciding whether to award attorney's fees. *Id.*

### III. Discussion

The Centurion Defendants concede Defendants Cartwright, Hardy, Wudel, Chada and Pryor are citizens of Missouri. They also concede that Defendants Cartwright and Chada were served with summons and the petition on June 9, 2025,

4

before the date of removal, and, therefore, the forum defendant rule applied, and this case was not removable under 28 U.S.C. § 1441(b)(2). The Court finds removal of this case was not proper under the forum defendant rule, and the case will be remanded to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

Despite the application of the forum defendant rule, the Centurion Defendants argue that there was an objectively reasonable basis for the removal, which occurred on July 7, 2025, because they did not learn Defendants Cartwright and Chada had been served with summons and the petition until after the removal, when Plaintiff moved to remand on July 20, 2025. Plaintiff attached the affidavits of service to her Motion to Remand, and according to the Centurion Defendants, she did not file Notice of Service as to Defendants Cartwright and Chada in state court case until July 21, 2025, after the case was removed.

Citing *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 978 (E.D. Mo. 2014), which held the forum defendant rule did not bar removal when the forum defendant had not yet been served, the Centurion Defendants maintain that the law in this District supports the practice of so-called "snap removals" – that is, removal before a forum defendant is served. The Centurion Defendants argue that when it filed its notice of removal, Centurion of Missouri relied on the state court

docket and the absence of any filed returns of service, which they assert is a reasonable and common practice in this District.

As the Centurion Defendants admit, the Eighth Circuit and courts in this District have not adopted a uniform approach to "snap removals" and the timing and effect of service on forum defendants; the law remains unsettled. *See, e.g.*, *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109–10 (8th Cir. 2023) (declining to rule on the issue, but noting "[a]lthough we have yet to weigh in on the question, many courts have held that the forum-defendant rule does not apply" if the action is removed before the plaintiff properly joins and serves the forum-state defendant); *Gaarder v. Webster Univ.*, No. 4:23-CV-191-SEP, 2023 WL 3790601, at *1 (E.D. Mo. June 2, 2023) (denying plaintiff's motion for leave to file interlocutory appeal of order denying motion to remand, noting there are "differing schools of thought" regarding snap removals); *Tillman v. BNSF Ry. Co.*, No. 1:20-CV-178 SNLJ, 2021 WL 842600, at *4 (E.D. Mo. Mar. 5, 2021) (finding removal was proper where forum defendant was not served prior to removal); *Gray v. Monsanto Co.*, No. 4:17-CV-2882 HEA, 2018 WL 488935, at *2 (E.D. Mo. Jan. 19, 2018) (granting remand in case that was removed before forum defendant was served). In light of the fact that the propriety of snap removals has not been resolved in this Circuit, and some courts in this District have held that removal is not precluded under § 1441(b)(2) when the forum defendant has not been served, the

Court finds that Centurion of Missouri had an objectively reasonable basis for removal based on the record before it, and, therefore, there is no basis for fee-shifting under § 1447(c).   *Martin*, 546 U.S. at 141; *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015).   The Court declines to award Plaintiff her attorney's fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mary James's Motion to Remand is **GRANTED**.   [ECF No. 17]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of Pike County, Missouri, from which it was removed.   An appropriate Order of Remand will accompany this order.

Dated this 24th day of September, 2025.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE